■ RALPH GIORDANO, an Infant, by His Mother and Natural Guardian, et al., Respondents, v. SHERIDAN MAINTENANCE CORPORATION et al., Appellants. — Appeals (1) by defendants Sheridan Maintenance Corporation and Albert Rhodie from two orders of the Supreme Court, Queens County, dated August 1, 1966 and June 28, 1967, respectively, and (2) by defendants Max Kausch and Mister Softee, Inc., of New York City from a third order of said court dated June 28, 1967. The order dated August 1, 1966 denied a motion by defendants Sheridan and Rhodie to amend a prior order of said court dated June 21, 1965, which conditionally struck out the answers of defendants Rhodie, Kausch and Mister Softee. The second above-mentioned order dated June 28, 1967 denied a similar motion by defendants Kausch and Mister Softee. The first above-mentioned order dated June 28, 1967 denied a motion by defendants

t

Sheridan and Rhodie to reargue or renew their said motion to amend the order dated June 21, 1965. Orders dated June 28, 1967 reversed, on the facts, without costs, and motions which resulted in said orders granted to the extent that the order dated June 21, 1965 is amended by striking therefrom all the decretal paragraphs thereof except the last, which denied the motion to strike out defendant Sheridan's answer, and by substituting therefor the following: " Ordered that the answer of the defendant Albert Rhodie be stricken unless he attend and submit to an examination before trial, expenses to be paid by the defendant Sheridan Maintenance Corporation, subject to a date to be fixed by counsel and the authorities at the New Jersey State Prison (where said defendant Albert Rhodie is presently incarcerated) ; and it is further Ordered that the answer of the defendant Mister Softee Inc., of New York City be stricken unless the defendant Mister Softee, Inc., of New York City through its agents, servants and employees appear and submit to an examination before trial with respect to the following: The exact nature of the relationship of the defendants Max Kausch and Mister Softee, Inc., of New York City; and it is further Ordered that said examination of the defendant Mister Softee, Inc., of New York City shall take place at a time and place mutually agreed upon by the attorneys for the respective parties or as the Special Term shall order upon failure of the attorneys to agree; and it is further Ordered that this determination is without prejudice to any motions plaintiffs may make to examine the defendant Mister Softee, Inc., of New York City by named persons; and it is further." Appeal from order dated August 1, 1966 dismissed as academic, in view of the determination herein on the appeal from the order dated June 28, 1967 and made on motion of defendants Sheridan and Rhodie, without costs. The motion by defendants Sheridan and Rhodie to reargue and renew and the motion by defendants Kausch and Mister Softee were considered together by the learned Justice at Special Term whose opinion stated in pertinent part: " The defendants failed to comply with the aforesaid [June 21, 1965] order". Although the orders entered thereon merely denied these two motions respectively, the language in the underlying opinion created an ambiguity as to whether defendant Sheridan was in default with respect to the order of June 21, 1965. However, it is clear that the order thereon as to the motion by Sheridan and Rhodie does not affect Sheridan's position under the conditional order of June 21, 1965 and, therefore, its answer has not been stricken. In our opinion, the answer of defendants Kausch and Mister Softee also have not been stricken. Both of these parties appeared at the court-ordered examination and Kausch produced the sought-after contract and answered questions pertaining to his relationship with Mister Softee. Mister Softee produced a " person having knowledge of the facts ", viz., Kausch. However, it is our further opinion that plaintiffs should be permitted to examine the agents, servants and employees of Mister Softee having knowledge of the facts. Further, the disposition herein made as to Mister Softee should be without prejudice to any motions plaintiffs may desire to make for examination of Mister Softee by named persons (cf. *Schacht Steel Constr.* v. *Brecher,* 2 A D 2d 967). The record indicates that on June 25, 1965 defendant Rhodie was informed for the first time that his appearance was required at the examination. Under these circumstances his failure to appear did not amount to a willful disregard of Special Term's prior order and he should be given an opportunity to have his day in court (*Soffair* v. *Koffler,* 29 A D 2d 659; *Page* v. *Lalor,* 24 A D 2d 883). Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.